UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOLLIE JACOBS and
BRIAN JACOBS

  Plaintiffs,

v.              Case No: 8:22-cv-0753-KKM-JSS

AMERICAN FAMILY CONNECT
PROPERTY AND CASUALTY
COMPANY,

  Defendant.
_____

## ORDER

On March 31, 2022, Defendant American Family Connect Property and Casualty Insurance Company removed this automobile negligence action by Plaintiffs Hollie and Brian Jacobs from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to this Court on the basis of diversity jurisdiction. (Doc. 1.) Plaintiffs now move to remand, arguing that the diversity statute's amount-in-controversy requirement is not met here. (Doc. 8); *see* 28 U.S.C. § 1322(a) ("[T]he matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs."). In its response, Defendant does not oppose remand given Plaintiffs' representations of the

amount in controversy, but requests that the Court limit Plaintiffs' recovery to the amount now asserted in state court. (Doc. 13.)

United States district courts have diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). A defendant may remove any case in which a federal district court would have had original jurisdiction. *See* 28 U.S.C. § 1441(b). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 (11th Cir. 2001). The removing party must show, by a preponderance of the evidence, that the amount in controversy is satisfied. *See id.* at 1281 n.5. A "removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). But a "conclusory allegation" that the amount in controversy is satisfied, "without setting forth the underlying facts supporting such an assertion, is insufficient to meet defendant's burden." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001). In making a determination, a court may consider the documents that the defendant received from the plaintiff, along with the removal attachments. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014); *Pretka*, 608 F.3d at 755 ("[The] defendant may introduce affidavits, declarations, or other documents showing that the amount in controversy exceeds $75,000."). A court may draw reasonable

2

deductions and inferences from these documents, using "judicial experience and common sense in determining whether the case stated in a complaint meets the federal jurisdictional requirements." *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010).

Here, Plaintiff's motion to remand shows that the amount in controversy as of now is $52,500, falling well-short of the amount-in-controversy requirement to establish federal diversity jurisdiction. (Doc. 8.) Defendant does not oppose remand on this basis, but makes the unusual request that this Court preclude Plaintiffs from seeking damages greater than $75,000 in state court upon remand unless the state court determines that the circumstances have changed. (Doc. 13.) While this suggestion is not unprecedented, *see, e.g.*, *Mills v. Keystone Lines Corp.*, No. 1:07-cv-0407, 2007 WL 3479841, at *2 (N.D. Ga. Oct. 31, 2007), the Court is disinclined to determine at this point that Plaintiffs are judicially estopped from seeking additional damages, particularly in the light of limited discovery and the lack of subject matter jurisdiction in federal court. If a new factual basis for removal arises after remand (e.g., Plaintiffs re-assert an amount in controversy that exceeds $75,000), § 1446(b) allows Defendant to file for a successive removal. *Sibilia v. Makita Corp.*, 782 F. Supp. 2d 1329, 1331 (M.D. Fla. 2010) (Moody, J.). And, of course, the state court may determine Plaintiffs are judicially estopped based on their representations before this Court.

Accordingly, the Court directs the Clerk to **REMAND** this action to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and to transmit a certified copy of this order to the clerk of that court; to **TERMINATE** any pending motions and deadlines; and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on May 24, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge